IN THE MATTER OF JOSEPH MONTEIRO, ATTORNEY AT LAW.

No. 15736

July 26, 1984                                   684 P.2d 506

*Paul R. Hejmanowski,* Chairman, Southern Nevada Disciplinary Board, and *Michael Barr,* Bar Counsel, Las Vegas, for the State Bar of Nevada.

*Marilyn V. Romanelli,* Las Vegas, for Joseph Monteiro.

## OPINION

*Per Curiam:*

The State Bar of Nevada Disciplinary Board for the Southern District has petitioned this court, pursuant to SCR 102(4), for an order temporarily suspending attorney Joseph Monteiro from the practice of law pending the disposition of a criminal indictment filed against him in the United States District Court for the District of Nevada. Additionally, the Board requests that Monteiro be precluded from accepting any new cases while suspended, and that he be required to deposit into a trust account all funds received from his clients with certain restrictions on withdrawal imposed. Monteiro opposes the petition and denies any wrongdoing. We have reviewed the petition and the supporting affidavit; for the reasons set forth below we have concluded that the Board has not demonstrated sufficient justification for temporary suspension under SCR 102(4)(a).

The record reveals that in April of 1984, attorney Monteiro was indicted by a federal grand jury in Las Vegas for receiving $40,000 in stolen bank funds, a violation of 18 U.S.C. § 2113(c). Under SCR 102(4)(a), this court may temporarily suspend an attorney and temporarily restrict the attorney's handling of client funds if the Disciplinary Board establishes, by affidavit, that the attorney "appears to be causing great harm by misappropriating funds to his own use, or by other clearly identified acts. . . ."[1] The purpose of SCR 102(4)(a) is to pro-

---

[1] SCR 102(4) provides in pertinent part:

> (a) On the petition of a disciplinary board, signed by its chairman or vice chairman, supported by an affidavit alleging facts personally known to the affiant which shows that an attorney appears to be causing great harm by misappropriating funds to his own use, or by other clearly identified acts, the supreme court may issue an order,

vide a summary procedure for the immediate pre-hearing suspension of attorneys when exigent circumstances exist. *See* Burleigh v. State Bar of Nevada, 98 Nev. 140, 146, 643 P.2d 1201, 1204 (1982).

In the present case, the Board contends that Monteiro should be temporarily suspended pending the resolution of this criminal charge, and pending a formal hearing into his conduct, because the charge against him constitutes a "serious crime" for which discipline would be warranted under SCR 111(1) if Monteiro were convicted. We agree that the charge contained in the indictment against Monteiro is a serious one. The affidavit submitted in support of this petition, however, does not contain any factual allegations whatsoever which would lead us to believe that there is a basis or substance to the charge, or that Monteiro is currently "causing great harm" by either misappropriating funds or by other clearly identified acts. *See* SCR 102(4)(a). Indeed, the only relevant factual allegation contained in the Board's affidavit is that a criminal indictment has been filed against Monteiro. This sole allegation, without more, is insufficient to justify his summary suspension and the immediate imposition of temporary restrictions.

SCR 102(4)(a) does not contemplate that every attorney charged or indicted with a felony will be automatically suspended. Rather, the relief provided by SCR 102(4)(a) is reserved for those cases in which the Board makes a strong showing of exigent circumstances which would warrant the immediate imposition of temporary restrictions, and for those cases in which the Board makes a showing of prosecutorial merit in the underlying criminal charges pending against the attorney. In either case the Board's request for immediate restrictions must be supported by an affidavit containing facts which would provide this court with a basis on which to act. The affidavit in the present case contains no such facts.[2]

with notice as the court may prescribe, imposing temporary conditions of probation on the attorney, temporarily suspend him, or both. . . .

(b) A temporary order may restrict an attorney in the handling of funds entrusted to him or over which he has the power of disposition, or, if appropriate, direct him to establish a trust account in accordance with conditions prescribed in the order. . . .

[2]The petition also contains a bald assertion that Monteiro's "preoccupation with the defense of this charge establishes [an] inability to continue representation of clients in a competent manner." This assertion is speculative and totally unsupported by the affidavit; it is therefore entitled to no weight under SCR 102(4)(a).

This court gives serious consideration to the recommendations of the Disciplinary Board. We recognize the important function performed by the Disciplinary Board in maintaining the integrity of the Bar. In the present case, however, the Board's petition for temporary suspension of attorney Monteiro is based solely upon the mere fact of a criminal charge or indictment. Attorneys in bar disciplinary proceedings are entitled to a presumption of innocence like any defendant in a criminal action. Therefore, without facts demonstrating prosecutorial merit in the underlying charge, or without a demonstration of the existence of exigent circumstances which would justify preconviction suspension, the Board has simply not provided us with a basis upon which to grant relief under SCR 102(4)(a).

Accordingly, we deny the petition for temporary suspension without prejudice to the Board's refiling of a properly supported petition.