# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LIBORIUS I. AGWARA, BAR NO. 7576.

No. 70361

FILED

JUL 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR TEMPORARY SUSPENSION

This is a petition by the State Bar of Nevada for the immediate temporary suspension of attorney Liborius I. Agwara. The State Bar alleges that Agwara poses a substantial threat of serious harm to the public, and that he has failed to safe-keep thousands of dollars of client and/or third-party funds.[1] The State Bar also requests that this court impose restrictions on Agwara's handling of money, including restrictions on his client trust and general firm accounts.

---

[1]This matter was originally docketed as confidential because a formal disciplinary complaint had not yet been filed. *See* SCR 121(5). Since we are granting the petition in part, this matter is now open to the public. *See id.*

16-22805

Agwara opposes the State Bar's petition, arguing that he does not pose a substantial threat of current harm, since many of the accounting issues stem from 2014 and there are no allegations of missing client funds. Agwara asserts that it has not been shown that the public is in need of protection, although he is willing to have someone monitor his accounts.

SCR 102(4)(b) provides that upon a proper petition, this court may order the temporary suspension of an attorney or impose other conditions upon the attorney's practice where the facts show that the attorney "appears to be posing a substantial threat of serious harm to the public." Similarly, SCR 102(4)(c) provides that this court may restrict an attorney in the handling of funds entrusted to the attorney, and that such an order, when served on either the attorney or a depository in which the attorney maintains an account, operates as an injunction against the withdrawal of funds except in accordance with the terms of the order.

We interpret the present tense used in the language of the rule to require a showing that the attorney poses a current threat of harm. *Cf. In re Monteiro*, 100 Nev. 440, 442, 684 P.2d 506 (1984) (to justify temporary suspension before disciplinary hearing on application by the State Bar requires proof by affidavit or evidence that "there is a basis or substance to the charge, or that [the lawyer] is currently 'causing great harm' by either misappropriating funds or by other clearly identified acts") (citing predecessor version of SCR 102(4)). We conclude that there is insufficient evidence that Agwara currently poses a substantial threat of serious harm to the public to warrant his temporary suspension from the practice of law. The accounts appear to contain sufficient funds for

payment; there has been no showing that Agwara has mishandled the funds of any client to the client's or a lienholder's detriment; and the record does not establish the charges, if any, that are pending against Agwara, save those involved in *In re: Discipline of Liborius Agwara,* Docket No. 70360. Of note, the evidence offered to support the petition largely dates back to 2014, yet it was not until 2016 that a petition seeking Agwara's temporary suspension was filed. On May 27, 2016, the State Bar overruled Agwara's objection to the subpoena duces tecum addressed to him by bar counsel. Our denial of the petition for temporary suspension is without prejudice to its renewal, should additional facts come to light.

Based on Agwara's failure to keep proper records and additional failure to account for the distribution of those funds, we do conclude that restrictions on Agwara's handling of client and other third-party funds are appropriate, as provided in SCR 102(4)(c). Accordingly, Agwara shall be prohibited from withdrawing funds in his client trust accounts, or any other account containing funds due clients or client creditors, except upon written approval of bar counsel or by order of a court of competent jurisdiction. Agwara shall be further required to deposit any and all checks including sums due clients into the trust account designated for that purpose. The State Bar shall forthwith serve Agwara with a copy of this order. Such service may be accomplished by personal service, certified mail, or delivery to a person of suitable age at Agwara's law office or residence. When served on either Agwara or a depository in which he maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance

 

with the terms of this order, all until further order of this court. *See* SCR 102(4)(c).

It is so ORDERED.[2]

_____, C.J.
Parraguirre

_____, J.       _____, J.
Hardesty                              Douglas

_____, J.       _____, J.
Cherry                                Saitta

_____, J.       _____, J.
Gibbons                              Pickering

cc:    C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
       William B. Terry, Chartered
       Kimberly K. Farmer, Executive Director, State Bar of Nevada

---

[2]This order constitutes our final disposition of this matter. Any future proceedings should be filed under a new docket number.